IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Quicken Loans Inc., <br><br> PLAINTIFF, <br><br> v. <br><br> Adrianne Porter and Lansdowne Homeowners Association Inc., <br><br> DEFENDANTS. | CIVIL ACTION NO. 3:17-cv-02284-JMC <br><br> **I. ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT** *as to Defendant Adrianne Porter*; <br><br> **II. ORDER GRANTING DEFAULT JUDGMENT** *as to Defendant Lansdowne Homeowners Association Inc.*; <br><br> AND <br><br> **III. ORDER AND JUDGMENT OF FORECLOSURE AND SALE *AS TO ALL DEFENDANTS*;** <br><br> **(DEFICIENCY WAIVED)** |

This matter comes before the court pursuant to the following: (1) Lis Pendens, Summons and Complaint (ECF No. 1) ("Foreclosure Action") filed by Quicken Loans Inc. ("Plaintiff") against Adrianne Porter ("Borrower") and Lansdowne Homeowners Association Inc. ("HOA," and collectively with Borrower, "Defendants"); (2) Plaintiff's Amended Notice of Motion and Amended Motion for Summary Judgment *as to Defendant Adrianne Porter only* (ECF No. 26), pursuant to Rule 56 of the Federal Rules of Civil Procedure, with Plaintiff's Memorandum in Support thereof (ECF No. 26-1) ("MSJ"); and (3) Plaintiff's Notice of Motion and Motion for Default Judgment *as to Defendant Lansdowne Homeowners Association Inc. only* (ECF No. 28), pursuant to Rule 55 of the Federal Rules of Civil Procedure ("MDJ"). Based upon a review of the court's file, the Foreclosure Action, Plaintiff's MSJ, Plaintiff's MDJ, and all relevant and applicable statutory law, case law and court Rules, the court hereby finds and concludes as follows:

1

# FINDINGS OF FACT AS TO FORECLOSURE ACTION, MSJ, AND MDJ

1. The amount in controversy in this matter, exclusive of interest and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

2. This court has jurisdiction in this matter pursuant to 28 U.S.C. §1332 based on Plaintiff's allegations that there is complete diversity of citizenship between it and Defendants. Specifically, Plaintiff is a corporation organized under the laws of Michigan with its principal place of business in Detroit, Michigan. (ECF No. 1 at 1 ¶ 2.) Moreover, Borrower is a citizen and resident of Richland County, South Carolina and HOA is a corporation organized under the laws of South Carolina with its principal place of business in Lexington County, South Carolina. (*Id.* ¶¶ 3, 4.) Finally, the court is satisfied that the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (*Id.* ¶ 5.)

3. Venue in this District is appropriate under 28 U.S.C. §1339(b)(2) as the property which is the subject of this action is located in this District.

4. This case is appropriately filed in this Columbia Division of this court as a substantial part of the events or omissions giving rise to the claim occurred in the Columbia Division, and the organization defendant, upon information and belief, does business in the Columbia Division relating to the events or omissions as the Note sued upon was executed in the Columbia Division.

5. The court has determined that Plaintiff has complied with the Administrative Order of the Supreme Court dated May 2, 2011 (2011-05-02-01) and the Administrative Order of the Supreme Court dated May 22, 2009 (2009-05-22-01).

6. The Lis Pendens, Summons, and Complaint (and any amendments thereto or joinders thereto) as well as service affidavits for all Defendants have been filed with the Clerk of

Court.

7. Plaintiff filed its Amended Motion for Summary Judgment *as to Adrianne Porter only* on December 18, 2018. A motion for summary judgment is appropriate only when it is clear there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Shumpert v. Time Insurance Co.*, 328 S.C. 574, 493 S.E.2d 111 (Ct. App. 1997). In ruling on a motion for summary judgment, the trial court must view the evidence and all inferences which can be reasonably drawn therefrom in the light most favorable to the non-moving party. *Id*. Under Rule 56(c), the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party meets its initial burden, the non-moving party may not rest on mere allegations or denials in the pleadings; rather the non-moving party must come forward with specific facts showing there is a genuine issue for trial. *Boone v. Sunbelt Newspapers, Inc*. 347 S.C. 571, 556 S.E. 2d 732 (Ct. App. 2001).

8. Both Defendants are in default in this case as shown by the Certificates filed herein and by the Clerk's Entry of Default as to HOA issued on November 15, 2017. (ECF Nos. 6, 7, 11.)

9. Borrower has not filed a response to Plaintiff's MSJ.

10. HOA has not filed a response to Plaintiff's MDJ.

11. According to the affidavits and certifications filed herein, any Defendants who are in default have been reviewed for their eligibility under The Servicemembers' Civil Relief Act of 2003 ("SCRA") and any amendments thereto, and this review does not indicate either of the Defendants are eligible for protections.

12. Defendants did not raise any credible issues related to Plaintiff's standing to

prosecute this action, and Plaintiff is the real party in interest as contemplated by Rule 17(a), FRCP. The court finds that any issues related to Plaintiff's standing or ability to prosecute this action are waived. All allegations in Plaintiff's Complaint are deemed admitted in full.

13. For value received, Thomas Porter and Borrower made, executed and delivered a Note dated June 6, 2014, to Plaintiff, promising thereby to pay to the order of Plaintiff, the sum of $195,000.00 with interest at the rate of 4.250% per annum ("Note"). Other terms and conditions are stated in the Note, which is of record herein.

14. To better secure the payment of the Note, Thomas Porter and Borrower, made, executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc. a Mortgage in writing, dated June 6, 2014, covering real property ("Property") in Richland County, which is the same as that described in the Complaint ("Mortgage"). The Mortgage was filed on June 9, 2014, and is of record in the Office of the Register of Deeds for Richland County in Book 1950, at Page 2905. The Mortgage evidences and secures the repayment of money advanced by Plaintiff, or on behalf of, Thomas Porter and Borrower.

15. Thereafter, said Mortgage was assigned to Plaintiff by assignment instrument dated January 19, 2017 and recorded February 7, 2017, in Book 2185 at Page 3480 ("Assignment").

16. Subsequently, Thomas Porter a/k/a Thomas C. Porter a/k/a Thomas Christopher Porter died testate on or about August 16, 2016, leaving the subject property to his devisees, namely Adrianne Porter, as shown in Probate Estate Matter Number 2016ES4001386 ("Probate Case"). Thereafter, Adrianne Porter (Borrower) was appointed as Personal Representative of the Estate of Thomas Porter a/k/a Thomas C. Porter a/k/a Thomas Christopher Porter in the Probate Case.

17. Pursuant to the South Carolina Lis Pendens Statute (S.C. Code Section 15-11-10, et. seq.) (Supp. 2004), counsel for Plaintiff has accomplished a Report on Title whereby Counsel for Plaintiff has, upon information and belief, named all parties who claim or may claim an interest in the mortgaged Property. This court further finds that this Report on Title is a recoverable charge, expense, or cost as provided for in the Mortgage and/or Note contracts, and the amount is found to be reasonable.

18. This court therefore finds that this Mortgage constitutes a purchase money first lien on the Property.

19. The court finds that Plaintiff and its counsel have fully complied with all of their obligations as required under the specific terms of the Note and Mortgage being foreclosed as well as all applicable Federal and/or State statutes or regulations, including, but not limited to, the furnishing of any notices, where applicable (e.g. post referral loss mitigation solicitation letter and/or acceleration warning letter, if or where applicable); and moreover and prior to the filing of this judicial proceeding, Defendants had not raised any compliance defenses or objections as to the servicing of any applicable banking or consumer laws by Plaintiff and/or its counsel.

20. According to the records of Plaintiff and its counsel, neither Plaintiff nor its counsel is aware of any party to this action currently being on active duty or recently discharged. The court finds that counsel for Plaintiff shall be entitled to recover its charges from Plaintiff for this Certification/Report to the court as part of its professional duties in prosecuting this action.

21. According to the records of Plaintiff and its counsel, neither Plaintiff nor its counsel is aware of any party to this action currently being under the protection of the United States Bankruptcy Court. Moreover, any party to this action who is a discharged borrower to the debt

owed to Plaintiff shall not be subject to, and is specifically excluded from, both the calculation and collection of any amounts due and owing to Plaintiff, as required by Rule 71(a) of the South Carolina Rules of Civil Procedure. The court finds that counsel for Plaintiff shall be entitled to recover its charges from Plaintiff for this Certification/Report to the court as part of its professional duties in prosecuting this action, and the court finds such charges to be reasonable.

22. Payment due on the Note has not been made as provided for in the Note, and Plaintiff has elected to require immediate payment of the entire amount due thereon and has placed the Note and Mortgage in the hands of the attorney herein for collection.

23. With respect to attorney fees, as contemplated in paragraph 6(E) of Plaintiff's Note and paragraph 22 of Plaintiff's Mortgage, and in view of the potential financial liabilities and likely continuing professional obligations inherent in judicially prosecuting a real property mortgage credit matter, the attendant professional duties and responsibilities, and the size of the mortgage debt and consistent with similar case proceedings before this court, I find that a reasonable attorney's fee in this matter would be $4,325.00. This award is consistent with the laws of this state in the awarding of attorney fees. I have considered the six (6) factors (none of these factors is controlling in the singular) as follows: (1) the nature, extent and difficulty of the legal service rendered; (2) the time and labor necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the fee customarily charged in the locality for similar legal services; and (6) the beneficial results obtained. *Taylor v. Medenica*, 331 S.C. 575, 503 S.E.2d 458 (1998); *Baron Data Systems v. Loter*, 297 S.C. 382, 377 S.E.2d 296 (S.C. 1989), *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997). Pursuant to the language in the Note and Mortgage, this court has specifically reviewed and satisfied itself with all six (6) factors, as well

as the disclosed client billing by Plaintiff's counsel considered in awarding reasonable attorneys' fees and costs/expenses/charges in this matter as set forth herein in this paragraph as well as Paragraph 22 of the Mortgage. As itemized below, I find all of the itemized fees and costs/expenses/charges to be reasonable.

24. The amount due and owing on the Note, with interest at the rate provided in the Note, including attorney's fee and allowable costs and charges allowable under and secured by the Note and Mortgage, is as follows:

| | | |
|---|---|---:|
| (a) | Principal due | $186,809.80 |
| (b) | Interest Due from 12/01/2016 to 01/30/2019 | $17,187.44 |
| (c) | Pre-Acceleration Late Charges | $306.96 |
| (d) | Escrow Adjustments | $4,344.95 |
| (e) | Property Preservation | $3,710.00 |
| (f) | Property Inspections | $177.00 |
| (g) | NSF Fee | $30.00 |
| (h) | Previous Bankruptcy Fees/Cost | $706.00 |
| (i) | Costs, charges, or expenses of collection prior to hearing | $944.00 |
| (j) | Attorney's fees and charges (Foreclosure & applicable Bankruptcy) | $4,325.00 |
| | **TOTAL DEBT secured by Note and Mortgage including interest to date shown ("Total Debt")** | **$218,541.15** |

Interest shall continue to accrue on the unpaid principal balance shown in (a) above, at the 4.250% from October 31, 2018, until entry of judgment, and such interest shall be added to the above stated Total Debt to comprise the amount of the judgment debt entered herein. Interest after the date of entry of judgment at the rate of 4.250% per annum (pursuant to the terms of the Note and Mortgage) shall accrue on the judgment debt and shall be added to such judgment debt to comprise

the amount of Plaintiff's debt secured by the Mortgage through the date of compliance with the terms of judicial sale. (Items (e) through (j) are subject to supplemental revision by Plaintiff's counsel and/or modification by the court.)

25. Based upon a search of the public records of the aforesaid county pursuant to the South Carolina Lis Pendens statute, all persons or entities having an interest or lien or possible claim in or upon the mortgaged premises subordinate to the lien of Plaintiff as of the date and time of the filing of the Lis Pendens herein have been made parties defendant.

26. Plaintiff is seeking the usual foreclosure of mortgage and has in the Complaint expressly waived the right to a personal or deficiency judgment.

27. HOA below-named claims or may claim a subordinate lien or junior interest upon or interest in the subject Property, including but not limited to the subordinate lien or junior interests specifically described below, and in the event there is a surplus from the sale of the Property, the validity, priority and amount of any such lien claim will be determined at a hearing subsequent to the sale, in accordance with the Rules 53 and/or 71, SCRCP. The HOA is further made a party in order to clear title to this Property as follows:

    a) The Defendant, Lansdowne Homeowners Association, Inc., by virtue of any lien or enforceable assessments against the subject property.

28. None of the named Defendants has established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to either of the Defendants. In addition, all persons and/or entities who may be or may have been entitled to claim through or under the title or interest of the named Defendants in the subject Property shall likewise absolutely be barred and forever foreclosed of any rights, titles, or interests.

## CONCLUSIONS OF LAW

As a result of the foregoing, the court concludes as follows:

1. Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2011-05-02-01) issued by Chief Justice Jean H. Toal, dated May 2, 2011, and Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2009-05-22-01) issued by Chief Justice Jean H. Toal, dated May 22, 2009.

2. With the production of the Note, Mortgage, Assignment, Affidavit of Indebtedness, and Affidavit of Attorney's fees, Plaintiff has provided ample evidence that it is entitled to foreclosure in this matter and has properly established its damages due to the Borrower's breach of the terms and conditions of the Note and Mortgage.

3. Furthermore, neither Defendant has provided any evidence of any specific facts which would tend to show there is a genuine issue of material fact for trial, and both Defendants are in default in this matter.

4. Therefore, Plaintiff's Amended Motion for Summary Judgment *as to Adrianne Porter only* should be granted; Plaintiff's Motion for Default Judgment *as to Lansdowne Homeowners Association Inc. only* should be granted; and Plaintiff should have judgment of foreclosure of the Mortgage, and the mortgaged Property should be ordered sold at public auction after due advertisement.

5. Defendants have not established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendants. In addition, all persons who may be entitled to claim through or under the title or interest of the named Defendants in the subject Property shall likewise absolutely be barred and

forever foreclosed.

Therefore, based on the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2011-05-02-01) issued by Chief Justice Jean H. Toal, dated May 2, 2011, and Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2009-05-22-01) issued by Chief Justice Jean H. Toal, dated May 22, 2009.

2. Plaintiff's Amended Motion for Summary Judgment is hereby granted as to Adrianne Porter. (ECF No. 26.)

3. Plaintiff's Motion for Default Judgment is hereby granted as to Lansdowne Homeowners Association Inc. (ECF No. 28.)

4. Plaintiff is hereby granted an Order and Judgment of Foreclosure and Sale as to all Defendants.

5. There is due to Plaintiff on the Note and Mortgage as set forth in the Complaint, the sum of $216,561.90, representing the Total Debt due Plaintiff as set forth supra, together with interest at the rate provided therein on the balance of principal from the date aforesaid to the date hereof.

6. The amount due in the preceding paragraph (the Total Debt as set forth in Paragraph 24 in the Findings of Fact and Paragraph 5 directly above, plus later-accrued interest on the principal) shall constitute the total judgment debt due Plaintiff (as may be supplemented as permitted by the court) and shall bear interest hereafter at the rate of 4.250 percent per annum.

7. On default of payment at or before the time herein indicated, the mortgaged

Property described in the Complaint, and as more fully described hereinafter, shall be sold by this court, by and through the United States Marshals Service, at public auction, after giving Notice of the time and place of such sale by due advertisement according to law. Any sales date is tentative and may be rescheduled at any time prior to the sale without further order of this court or written notice to the parties of the notice of sale, provided notice of the new sales date is duly advertised as required by law. The sale shall be according to the following terms:

    (a)    FOR CASH: The selling officer will require a deposit of 5% on the amount of the bid (in cash or equivalent), said 5% deposit being due and payable immediately upon the closing of the bidding, same to be applied to the purchase price only upon compliance with the bid, but in case of non-compliance within 20 days, same is to be forfeited and applied to the costs and Plaintiff's debt.

    (b)    Interest on the balance of the bid shall be paid to the day of compliance at the rate of 4.250 percent.

    (c)    The sale shall be subject to taxes and assessments, existing easements and restrictions of record and prior liens of record.

    (d)    This Mortgage constitutes a purchase money first lien covering the real Property and improvements therein described, if applicable, any mobile/manufactured home located thereon.

    (e)    Purchaser to pay for deed stamps/transfer taxes and cost of recording the deed with Plaintiff to pay the statutory allowed fee to the preparer of said deed (be it this court, the selling officer, or counsel for Plaintiff).

    8.    If Plaintiff be the successful bidder at said sale, for a sum not exceeding the amount

of costs, expenses and the indebtedness to Plaintiff in full, Plaintiff may pay to the court only the amount of the outstanding costs and expenses crediting the balance of the bid on the indebtedness.

9. No personal nor deficiency judgment being demanded, the bidding will not remain open after the date of sale, but compliance with the bid may be made immediately.

10. This court, by and through the United States Marshals Service, will by advertisement according to law, give notice of the time and place of such sale, and the terms thereof. Any sales date is tentative and may be rescheduled at any time prior to the sale without further order of this court or written notice to the parties of the notice of sale, provided notice of the new sales date is duly advertised as required by law. This court will execute to the purchaser, or purchasers, a deed to the premises sold. Plaintiff, or any other party to this action may become a purchaser at such sale, and that if, upon such sale being made, the purchaser, or purchasers, should fail to comply with the terms thereof within 20 days after the date of sale, then this court, by and through the United States Marshals Service, may advertise the said premises for sale on the next, or some other subsequent sales day, at the risk of the highest bidder, and so from time to time thereafter until a full compliance shall be secured. In the event Plaintiff is the successful bidder, at its option, or the option of its assignee, the deed may be taken subject to payment by grantee of any taxes or assessments constituting a lien against the Property sold under this order and hereinafter more fully described. All bidders are hereby and herein noticed that in the event the successful bidder is a third party, neither Plaintiff nor Plaintiff's counsel makes any warranties or representations of any kind as to the subject Property, including but not limited to its title or habitability on behalf of the third-party bidder or any subsequent purchasers.

11. The sale will not be held unless either Plaintiff's attorney or Plaintiff's bidding agent

is present at the sale, and either Plaintiff's attorney or Plaintiff's bidding agent enters the authorized bid of Plaintiff for this individually captioned matter. In the event a sale is inadvertently held without Plaintiff's counsel or counsel's bidding agent entering the authorized bid of Plaintiff for this specifically captioned matter, the sale shall be null and void and the Property shall be re-advertised for sale on the next available sale date.

12. In the event of a third party bidder wherein the successful third party bidder fails to deliver the required deposit in certified (immediately collectible) funds to this court, by and through the United States Marshals Service, by close of bidding on the day of the sale, this court, by and through the United States Marshals Service will re-sell the subject property at the most convenient time thereafter (including the day of sale) upon notification to counsel for Plaintiff.

13. This court, by and through the sale by the United States Marshals Service, shall apply the proceeds of the sale as follows:

FIRST: To the payment of the amount of the permitted costs, charges, and expenses of this action, including any Guardian ad Litem or SCRA Attorney Fee or fees of any attorneys appointed by motion of Plaintiff's counsel and under Order of the court;

NEXT: To the payment to Plaintiff or Plaintiff's attorney, of the amount of Plaintiff's debt and interest or so much thereof as the purchase money will pay on the same; and Plaintiff's attorney shall receive and disburse such funds only in total and absolute compliance with the debt, interest, escrow, and related calculations of this court including the court's award for attorney fees, court permitted charges and taxable costs pursuant to the applicable Federal and South Carolina Rules of Civil Procedure; and

NEXT: Any surplus will be held pending further order of the court as provided for

in the Federal and South Carolina Rules of Civil Procedure and particularly Rule 71(c) of the South Carolina Rules of Civil Procedure.

14. It is further ORDERED, that if the successful bidder is other than the person or entity in possession herein, the Sheriff of Richland County, South Carolina is ordered and directed to evict and remove from the Property the occupants of the Property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet and peaceable possession of said Property without delay, and to keep said successful bidder or his assigns in such peaceable possession.

15. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event there is a mobile/manufactured home located on the subject property, the South Carolina Department of Motor Vehicles is directed and ordered to provide the new Certificate of Title to the attorneys for Plaintiff as agent for the grantee on the deed upon payment of the required title fees on any mobile/manufactured home which is herein located on the subject property and intended to be collateralized by Plaintiff's security documents as heretofore received into evidence by this court, or which may be received into evidence at any necessary hearing post sale of the subject property.

16. And it is further ORDERED, ADJUDGED AND DECREED that none of the named Defendants has established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendants. In addition, all persons and/or entities who may be or may have been entitled to claim through or under the title or interest of the named Defendants in the subject property shall likewise absolutely be barred and forever foreclosed of any rights, titles, or interests.

17. IT IS FURTHER ORDERED that the deed of conveyance made pursuant to said sale shall contain the names of only the first-named Plaintiff and the first-named Defendant, and the Defendant who was the titleholder of the mortgaged Property at the time of the filing of the notice of pendency of the within action, and the name of the grantee, and the applicable recorder of deeds is authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said deed.

18. This court will retain exclusive jurisdiction to do all necessary acts incident to this foreclosure, including, but not limited to, all matters post-sale which may affect the transfer of the title to the subject real Property and all improvements thereon, as well, the issuance of a Writ of Assistance.

19. Upon issuance of the Report on Sale and Disbursements, the Register of Deeds for Richland County, South Carolina is directed to release of record the Mortgage lien being foreclosed, which Mortgage lien is described as follows:

> Mortgage from Thomas Porter and Adrianne Porter to Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc., dated June 6, 2014, covering real property in Richland County, filed on June 9, 2014, and is of record in the Office of the Clerk of Court/Register of Deeds for Richland County in 1950, at Page 2905.

20. This sale is specifically subject to all title matters of record, including but not limited to any other senior lien or encumbrance, and any interested party should consider performing an independent title examination of the subject property as no warranty is given at all by the court, Plaintiff or its counsel.

21. The following is a description of the mortgaged Property/premises herein ordered to be sold:

> All that certain piece, parcel or lot of land, with improvements thereon, situate,

lying and being near Columbia, in the County of Richland, State of South Carolina. The same being designated as Lot No. 98 on Bonded Plat of Heise`s Pond at Lansdowne, by US Group, Inc. dated January 22, 1996, revised March 4, 1996 and recorded in Plat Book 56 at Page 2120. Said property being more particularly shown and described as Lot 98 (containing 0.51 acre), Heise`s Pond on a plat prepared for Christopher B. Holland and Pamela Gail Hutson by Cox and Dinkins, Inc. dated September 5, 1997 and recorded September 23, 1997 in Plat Book 57 at Page 584 and having such boundaries and measurements as shown on the last above described survey.

Said property is subject to all applicable covenants, conditions, restrictions, limitations, obligations and easements of record.

This being the same property conveyed unto Thomas C. Porter and Adrianne Porter as Joint Tenants with the rights of survivorship, as defined in §27-7-40, SC Code of Laws (1976), and not as tenants in common, by virtue of a Deed from Christopher B. Holland and Pamela G. Hutson dated June 6, 2014 and recorded June 9, 2014 in Book 1950 at Page 2903 in the Office of the Register of Deeds of Richland County, South Carolina.

_____

Subsequently, Thomas C. Porter died on August 16, 2016, as shown in Probate Estate Matter Number 2016ES4001386, leaving Adrianne Porter as the sole owner of the subject property. Subsequently, Thomas Porter a/k/a Thomas C. Porter a/k/a Thomas Christopher Porter died testate on or about 08/16/2016, leaving the subject property to his/her devisees, namely Adrianne Porter, as shown in Probate Estate Matter Number 2016ES4001386. Thereafter, Adrianne Porter was appointed as Personal Representative of the Estate of Thomas Porter a/k/a Thomas C. Porter a/k/a Thomas Christopher Porter (Probate Estate Matter Number 2016ES4001386).

TMS No. 23113-09-04

Property address: 16 Dunnock Court
                      Columbia, SC 29229-9526

22.     IT IS FURTHER ORDERED that if Plaintiff nor Plaintiff's representative does not appear at the scheduled sale of the above-described Property, then the sale of the Property will be null, void and of no force and effect. In such event, the sale will be rescheduled for the next available sales day as ordered by this court.

23.     IT IS FURTHER ORDERED that none of said Defendants raised any credible issues related to Plaintiff's standing to prosecute this action. Therefore, any issues related to

Plaintiff's standing or ability to prosecute this action are waived.

24. Defendants have not established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendants. In addition, all persons who may be entitled to claim through or under the title or interest of the named Defendants in the subject Property shall likewise be absolutely barred and forever foreclosed.

**IT IS SO ORDERED.**[1]

*J. Michelle Childs*
United States District Judge

January 30, 2019
Columbia, South Carolina

---

[1] The court observes that as a result of the foregoing, Plaintiff's Motion for Summary Judgment is Moot. (ECF No. 17.)